## UNITED STATES COURT OF APPEALS

Filed 4/10/96

## FOR THE TENTH CIRCUIT

———————————

| | |
|---|---|
| MARCUS W. ENGLISH, | ) |
| | ) |
|     Plaintiff-Appellant, | ) |
| | ) |
| v. | )    No. 95-5069 |
| | )    (D.C. No. 93-C-1142-E) |
| STANLEY GLANZ, sued as: Stanley Glantz, | )    (N.D. Okla.) |
| Tulsa County Sheriff; MARGARET STRIPLING, | ) |
| sued as: Mrs. ? Stripling, Head Doctor of Tulsa | ) |
| County Jail, | ) |
| | ) |
|     Defendants-Appellees. | ) |

———————————

## ORDER AND JUDGMENT*

———————————

Before **BRORBY, EBEL** and **HENRY**, Circuit Judges.

———————————

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.

Mr. English is a pro se litigant. He sued the sheriff and a doctor under 42 U.S.C. §1983. The trial court granted defendants summary judgment after concluding Mr. English's claims were barred by the statute of limitations. We exercise jurisdiction and affirm the judgment of the district court.

---

\* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Mr. English commenced this suit by filing his amended complaint June 27, 1994. Mr. English, insofar as is applicable to this appeal, contended he was confined in the Tulsa County Jail where inmates assaulted him on December 16, 1991. He contended the doctor gave him inadequate medical treatment following the assault. Defendants filed a motion for summary judgment with supporting evidentiary materials.

The trial court applied Oklahoma's two-year statute of limitations which applies to "an action for injury to the rights of another" and concluded this statute barred the claims. *See* Okla. Stat. tit. 12, § 95(3).

Mr. English appeals this decision asserting a violation of constitutionally guaranteed rights has some other unspecified limitation period. Mr. English, without the benefit of supporting law, argues a violation of a constitutional right has no limitation period. He argues the trial court failed to grasp the concept that his suit was for a violation of his constitutional rights and was not a "civil complaint as a personal injury to the rights of another."

Mr. English fails to comprehend the law. The Supreme Court of the United States has held that because there is no federal statute of limitations for a civil rights action (it is beyond dispute that an action based on 42 U.S.C. §1983 is a civil rights action), the time in which such an action must be filed is determined by the applicable state statute of limitations for personal injury actions. See *Wilson v. Garcia,* 471 U.S. 261, 266-67 (1985).

Mr. English has failed to persuade this court of any error by the trial court.  The judgment of the district court is **AFFIRMED**.


**Entered for the Court:**


**WADE BRORBY**
United States Circuit Judge